UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-62546-SMITH/VALLE

LYDIA MOULTRY,

        Plaintiff,

v.

ANDREW M. SAUL, Commissioner
of Social Security,

        Defendant.
_____/

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY'S FEES**

THIS MATTER is before the Court on Plaintiff Lydia Moultry's Unopposed Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act (the "EAJA") (the "Motion") (ECF No. 25), which has been referred to the undersigned by United States District Judge Rodney Smith. *See* (ECF No. 2).

On March 17, 2021, the District Court granted summary judgment for Plaintiff and remanded this case to the Appeals Council. *See* (ECF No. 24 at 1). Plaintiff now seeks an award of her attorney's fees and costs incurred in this case under the EAJA, 28 U.S.C. § 2412. Defendant does not oppose the Motion. (ECF No. 25 at 1, 7).

Under the EAJA, a court generally must award reasonable attorney's fees to any party prevailing in litigation against the United States, unless the United States' position was "substantially justified" or "special circumstances make an award unjust." *See* 28 U.S.C. § 2412(d)(1)(A). The court may also award litigation costs, as enumerated in 28 U.S.C. § 1920. *See* 28 U.S.C. § 2412(a)(1).

1

Here, Plaintiff asserts (and Defendant does not dispute) that she is the prevailing party, that Defendant's position was not substantially justified, and that no special circumstances exist that would render a fee award unjust. *See* (ECF No. 25 at 1-4). The only remaining issue, therefore, is whether Plaintiff's requested attorney's fees and costs are reasonable.

## I.     ATTORNEY'S FEES

Plaintiff seeks an award of $6,112.50 in attorney's fees. *Id.* at 1, 3, 7. The attorney's fees result from 30 hours of work performed by one attorney between October 2019 and April 2021. *See generally* (ECF No. 25). Although the EAJA sets a ceiling of $125 per hour for attorney's fees, courts may raise the ceiling based on increases in the cost of living. *See* 28 U.S.C. § 2412(d)(2)(A)(ii). Plaintiff asserts (and Defendant does not dispute) that the Consumer Price Index supports an upward adjustment of the attorney's fee rate to $203.75 per hour. *See* (ECF No. 25 at 1, 3, 7).

Given the unopposed nature of the Motion, and having reviewed Plaintiff's counsel's itemized time entries, *id.* at 2-3, the undersigned finds Plaintiff's request for attorney's fees is reasonable. *See, e.g.*, *Carter v. Comm'r of Soc. Sec.*, No. 6:13-CV-931-ORL-22, 2014 WL 5454391, at *1 (M.D. Fla. Oct. 27, 2014) (adopting recommendation that plaintiff's request for attorney's fees and costs be granted in full given the United States' lack of opposition); *Washington v. Comm'r of Soc. Sec.*, No. 8:08-CV-1614-T-27TGW, 2010 WL 256549, at *2 (M.D. Fla. Jan. 21, 2010) (same); *Torres v. Comm'r of Soc. Sec.*, No. 6:07-CV-1384-ORL-18KRS, 2009 WL 35282, at *1 (M.D. Fla. Jan. 6, 2009) (same).

## II. COSTS

In addition, Plaintiff requests $400 for the reimbursement of filing costs. *See* (ECF No. 25 at 1, 3, 7). Generally, under the EAJA, the prevailing party is entitled to compensation for costs "as enumerated in section 1920 . . . ." 28 U.S.C. § 2412(a)(1). In turn, 28 U.S.C. § 1920(1) allows for the recovery $400 for the cost of filing.

## III. RECOMMENDATION

Accordingly, the undersigned respectfully recommends that Plaintiff's Unopposed Motion for Attorney's Fees Pursuant to the EAJA (ECF No. 25) be **GRANTED**. Plaintiff should be awarded a total of **$6,112.50** in fees and **$400** in costs, to be paid to Plaintiff's counsel once the U.S. Department of the Treasury determines that Plaintiff owes no debt to the United States.

Within seven (7) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2021); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, on June 4, 2021.

*/s/ Alicia O. Valle*
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Rodney Smith
Counsel of Record