UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-CV-62546-SMITH/VALLE

LYDIA MOULTRY,

     Plaintiff,

     v.

ANDREW M. SAUL,
COMMISSIONER OF
SOCIAL SECURITY ADMINISTRATION,

     Defendant.

_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court on Plaintiff Lydia Moultry's Unopposed Motion for Attorney's Fees under 42 U.S.C. § 406(b) (the "Motion") (ECF No. 30). United States District Judge Rodney Smith has referred the matter to the undersigned for appropriate disposition. *See generally* (ECF No. 2); *see also* 28 U.S.C. § 636(c). After due consideration of the Motion, and being otherwise fully advised on the matter, the undersigned respectfully recommends that the Motion be **GRANTED** for the reasons set forth below.

On March 17, 2021, this Court reversed the ALJ's Decision denying Plaintiff's social security benefits and remanded the case for further proceedings. *See* (ECF No. 24). Following the remand, Plaintiff sought, and this Court granted, an award of $6,112.50 in attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) (the "EAJA"). (ECF Nos. 26, 27). On remand, the Commissioner issued a Fully Favorable Decision, finding Plaintiff disabled since July 25, 2019, and issuing a Notice of Award. *See* (ECF No. 30 at 2-3). Thereafter, Plaintiff was awarded past-due retroactive benefits totaling $57,140.12. *Id.* at 3; *see also* (ECF No. 32 at 1).

Based on this award, Plaintiff's counsel now seeks to recover $14,285.03 in attorney's fees under a contingent-fee agreement with Plaintiff, representing 25% of Plaintiff's past-due benefits. [1] *See* (ECF Nos. 30 at 3-4, 32 at 1-2); *see also* 42 U.S.C. § 406(b)(1)(A) (authorizing a reasonable fee award "not in excess of 25 percent of the total of the past due benefits to which the claimant is entitled"). The Motion also states that if the Court grants the requested fees, "upon receipt of this sum, counsel for Plaintiff will refund the previously awarded EAJA fee of $6,112.50 directly to Plaintiff." (ECF No. 30 at 3, 5-6); *see also Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) ("Fee awards may be under both [the EAJA and § 406(b)], but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'") (alteration in original) (quotation omitted). Defendant does not oppose the Motion. (ECF No. 30 at 6).

After careful review of the record, the case law on contingency fee arrangements in Social Security cases, counsel's hours, reputation, and experience, *see id.* at 5, and considering that the Motion is unopposed, the undersigned finds that Plaintiff's request for attorney's fees is reasonable and should be granted. *See Gisbrecht,* 535 U.S. at 807-09 (holding that under § 406(b), courts must review proposed contingent-fee awards for reasonableness); *see also Guilliams v. Comm'r Soc. Sec. Admin.,* No. 16-CV-62762, ECF No. 31 (S.D. Fla. Oct. 14, 2021) (awarding counsel 25% of plaintiff's past-due benefits); *Sterling v. Astrue*, No. 09-CV-60337, 2010 WL 3658994, at *3 (S.D. Fla. Aug. 19, 2010), *report and recommendation adopted,* 2010 WL 3658943 (S.D. Fla. Sept. 15, 2010) (recommending award of attorney fees, pursuant to 42 U.S.C. § 406(b), totaling 25% of plaintiff's back due benefits); *Justice v. Acting Comm'r of Soc. Sec. Admin.,*

---

[1] Plaintiff was represented by attorney David Goetz. Attorney Goetz is a partner at Gonzalez & Goetz and has been licensed to practice law in the State of Florida since 1994, specializing in social security disability law. *See* (ECF No. 30 at 5); *see also* https://www.floridabar.org/directories/find-mbr/profile/?num=996416 (last visited Sept. 14, 2022).

No. 17-CV-60633, 2020 WL 3035231, at \*1 (S.D. Fla. June 5, 2020) (awarding $16,146.00 in attorney's fees under 42 U.S.C. § 406(b)).

## **RECOMMENDATION**

For the reasons set forth above, the undersigned respectfully recommends that Plaintiff's Unopposed Motion for Attorney's Fees under 42 U.S.C. § 406(b) (ECF No. 30) be **GRANTED** as set forth below.

1.      Plaintiff's counsel should be awarded $14,285.03 in attorney's fees, payable from the past-due benefits awarded to Plaintiff by the Commissioner; and

2.      Within 30 days after receiving these fees, Plaintiff's counsel shall return directly to Plaintiff $6,112.50 in attorney's fees previously awarded to counsel under the EAJA.

Within **seven (7) days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. J. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2022); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, on September 14, 2022.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Rodney Smith
     All Counsel of Record